UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
RAWLE HOYTE,

       Petitioner,        **MEMORANDUM & ORDER**

                     11 CV 1548 (RJD)

    - against -

UNITED STATES OF AMERICA,

       Respondent.
----------------------------------------------------------x
DEARIE, United States District Judge

  Pro se petitioner Rawle Hoyte moves to vacate his conviction for cocaine possession and distribution pursuant to 28 U.S.C. § 2255. He claims his counsel was ineffective for failing to inform him that he would be deported if convicted, among other reasons. Mr. Hoyte filed this application over a year after his conviction became final; however, he argues the petition is timely because <u>Padilla v. Kentucky</u>, 130 S. Ct. 1473 (2010), created a newly recognized right to be advised of a deportation risk that applies retroactively to his case. For the reasons below, the petition is denied.

## BACKGROUND

  In 2004, Nigel Rodney, a Guyanese national living in New York, began recruiting individuals to import cocaine from Guyana into the United States and developed an international cocaine trafficking network. In late 2004 or early 2005, Mr. Hoyte was introduced to Mr. Rodney by Duane Duncan (Mr. Rodney's cousin) to discuss becoming involved in the network. Around this time, a wiretap was placed on Mr. Rodney's phone as part of an Immigration and Customs Enforcement ("ICE") investigation into his network. As a result, ICE intercepted multiple phone calls between Mr. Hoyte and Mr. Rodney discussing the distribution and sale of

1

drugs as well as between Mr. Duncan and Mr. Rodney discussing Mr. Hoyte's involvement in the drug network. The calls included discussions about the possibility of Mr. Hoyte going to Guyana to purchase and import cocaine to the United States, Mr. Rodney supplying Mr. Hoyte with cocaine, and Mr. Hoyte selling cocaine to potential buyers. Mr. Hoyte was arrested on April 5, 2005 in connection with ICE's investigation of Mr. Rodney, and a grand jury indicted him on multiple charges involving cocaine possession and distribution.

The government offered Mr. Hoyte a plea agreement, which he reviewed with his counsel. However, Mr. Hoyte ultimately chose to reject the offer and go to trial. Like Mr. Rodney, Mr. Hoyte is a Guyanese national and risked deportation if convicted. However, Mr. Hoyte claims that his counsel never made him aware of this risk and that he would have focused his efforts on remaining in the United States rather than winning his trial had he been so informed. To that end, Mr. Hoyte asserts he would have been more "open-minded" to pleading guilty to an offense that would have allowed him to remain in the country if the government had offered him such a deal. Pet. Br. at 3–5. Notably, the government did not offer Mr. Hoyte a plea agreement that would preclude deportation, nor does the record indicate that the government was open to offering him one. Mr. Hoyte's counsel does not recall whether he discussed the potential of deportation with Mr. Hoyte, but he discussed immigration issues with Mr. Hoyte and advised him to contact an immigration attorney. Gov't Br. Ex. C (Cohn Aff.). In addition, the proposed plea agreement listed "deportation/removal" as a statutory penalty for his charges. See id. Ex. D.

At trial, the government presented testimony by Mr. Rodney who served as a cooperating witness, law enforcement's testimony concerning the investigation into Mr. Rodney's cocaine network, and recordings of select phone conversations between Mr. Rodney, Mr. Hoyte, and Mr. Duncan. Not surprisingly, the jury convicted Mr. Hoyte, and—after making a proffer about his

involvement in the conspiracy—he was sentenced to forty-two months incarceration. At sentencing, the undersigned stated that Mr. Hoyte would "inevitably be deported." Sentencing Tr. 12:25, Nov. 8, 2007. Judgment was entered on December 28, 2007. Mr. Hoyte appealed, and the Second Circuit affirmed on May 27, 2009. See United States v. Hoyte, 330 F. App'x 248 (2d Cir. 2009).

On March 11, 2011, Mr. Hoyte brought this habeas petition to vacate his conviction due to ineffective assistance of counsel. He argues that his counsel was ineffective for failing to notify him that he faced deportation if convicted, obtain a Guyanese translator, notify the Guyanese consulate of his case, or seek a remedy for violation of his speedy trial rights. The government argues that the petition is untimely and lacks merit.

## DISCUSSION

A federal prisoner can seek post-conviction relief under 28 U.S.C. § 2255 if his sentence: "(1) was imposed in violation of the U.S. Constitution or the laws of the United States; or (2) was entered by a court without jurisdiction to impose the sentence; or (3) exceeded the maximum detention authorized by law; or (4) is otherwise subject to collateral attack." Adams v. United States, 372 F.3d 132, 134 (2d Cir. 2004). To be timely, the petition must be brought within one year of the latest of:

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

3

Mr. Hoyte did not file his petition within a year of the judgment becoming final, so he must look to one of the other statutory start dates of the one-year limit for his petition to be timely. In the context of a § 2255 motion, "a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." Clay v. United States, 537 U.S. 522, 525 (2003). The time for filing a petition for certiorari is ninety days from entry of judgment. Id. (citing Sup. Ct. R. 13(1)). Here, the Second Circuit affirmed Mr. Hoyte's conviction on May 27, 2009. See Hoyte, 330 F. App'x 248. Therefore, his conviction became final ninety days later on August 26, 2009; and the one-year period to file the § 2255 petition expired on August 26, 2010. However, Mr. Hoyte did not file his petition until March 24, 2011.

Mr. Hoyte contends that his petition is timely under § 2255(f)(3) because the Supreme Court's decision in Padilla v. Kentucky, --- U.S. ---, 130 S. Ct. 1473 (2010) established a newly recognized right to be informed of a deportation risk by counsel, which retroactively applies to his case. However, the Supreme Court has recently held that Padilla is not retroactively applicable to cases on collateral review. See Chaidez v. United States, --- U.S. ---, 133 S. Ct. 1103, 1113 (2013).[1] Therefore, Mr. Hoyte's petition is not timely under § 2255(f)(3).

Although Mr. Hoyte does not raise a timeliness claim under § 2255(f)(4), the Court will address this possibility because a pro se petitioner's submissions must be construed liberally "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F. 3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and emphasis omitted). Under § 2255(f)(4), the one-year time period begins to run "when a duly diligent person in petitioner's

---

[1] The Court also notes that Mr. Hoyte rejected his plea offer and went to trial. Padilla found himself in the reverse situation—ignorant of being subject to deportation for his charged crime, he accepted a plea offer and waived his trial rights. See Padilla, 130 S. Ct. at 359. Padilla, and others in his situation, argue that they would have "insisted on going to trial" (as Mr. Hoyte did) had they known they would be deported upon pleading. Id.

circumstances would have discovered" the facts supporting a particular claim. Wims v. United States, 225 F.3d 186, 190 (2d Cir. 2000). For Mr. Hoyte, that fact is his mandatory deportation.

Mr. Hoyte asserts that he did not realize he would be deported until the Board of Immigration Appeals classified him as an aggravated felon. See Pet. Br. at 7. However, the record indicates that Mr. Hoyte should have discovered that he faced deportation well before his conviction became final had he exercised due diligence. Mr. Hoyte's trial began on February 12, 2007. Prior to this time he met with counsel who advised him to see an immigration attorney, and the government gave him a written plea offer that listed "deportation/removal" as one of the statutory penalties for his charges. Moreover, at sentencing on November 8, 2007, the undersigned noted that "he will inevitably be deported." Sentencing Tr. at 12:25. Under the circumstances, a duly diligent person in Mr. Hoyte's position would have discovered that he was subject to deportation well before sentencing, and certainly by time his conviction became final in 2009. Therefore, the petition is not timely under § 2255(f)(4).

As the Court sees no other grounds for deeming the petition timely, it declines to address the merits.

## Conclusion

For the foregoing reasons, the petition is DENIED.

SO ORDERED.

Dated: Brooklyn, New York
      June _19_, 2014                                                  /s/ Judge Raymond J. Dearie

                                                                            RAYMOND J. DEARIE
                                                                            United States District Judge